Coös, }
Feb. 2, 1909. }

### LAMBERT *v.* BERLIN MILLS CO.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1907, of the superior court by *Chamberlin*, J., on the defendants' exceptions to the denial of a motion for a nonsuit and to the admission of certain evidence.

The evidence tended to prove the following facts: At the time of his injury the plaintiff had been employed by the defendants for twelve years, a part of his duty being the coupling of cars used in transporting sawdust and waste in the defendants' yard. Some of the defendants' cars were equipped with stationary draw-bars, while others had spring draw-bars, and it was frequently necessary to couple cars fitted with draw-bars of the different types. On the evening of June 16, 1906, while the plaintiff was attempting to couple two cars, the spring draw-bar of one car passed to one side of the stationary draw-bar of the other, and the plaintiff's leg was crushed between the spring draw-bar and the sill of the other car. The defendants' cars were old, the axles, wheels, and draw-bars upon some of them being worn so as to permit a lateral play of about four inches. Under these conditions it was possible for a draw-bar to pass to one side of another without engaging it, even on a straight track. This had previously happened in the defendants' yard, but in all his experience the plaintiff had never known of such an occurrence on a straight track, and he did not anticipate such a result with the cars he was coupling when injured. Reasonable inspection would have disclosed the defective condition of the cars. It was necessary to go between the cars when coupling them. The track where the plaintiff usually worked, and where he was injured, was practically straight. At the time of his injury he was doing his work in the ordinary way, without knowledge that he was exposed to unusual risk. Although he could see the exposed portions of the draw-bars and may have been aware that the condition of some cars was such as to permit lateral motion,

he had no opportunity to make a careful inspection of them. The nature of his work required him to act quickly.

*Henry F. Hollis*, for the plaintiff.

*Edward C. Stone* and *Samuel W. Emery* (both of Massachusetts), and *Drew, Jordan, Shurtleff & Morris*, for the defendants.

BINGHAM, J. When the evidence is given that construction which is most favorable to the plaintiff (*Stevens* v. *Company*, 73 N. H. 159, 163), it warrants the conclusions that the defendants were negligent in not properly inspecting their cars and in failing to keep them in suitable repair; that the plaintiff exercised the care of a reasonably prudent person in attempting to couple the cars according to the method generally employed; that the peculiar danger to which the plaintiff was exposed was not one which he knew or ought to have known and appreciated; and that his injury was the natural and probable consequence of the defendants' fault. The motion for a nonsuit was properly denied.

The several exceptions taken by the defendants to the admission of evidence are so clearly groundless as not to require extended consideration.

*Exceptions overruled.*

All concurred.